UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>              Plaintiff,<br><br>              v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>              Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA,
INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Cerence Operating Company ("Plaintiff" or "Cerence") makes the following allegations against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants" or "Samsung"):

**INTRODUCTION**

1. This complaint arises from Samsung's unlawful infringement of the following United States patents owned by Cerence, which generally relate to improvements in speech recognition and speech-to-text output and handwritten characters recognition and output for electronic devices: United States Patent Nos. 8,682,671 ("'671 patent), 8,825,486 ("'486 patent"), 8,914,291 ("'291 patent"), and 7,680,334 ("'334 patent") (collectively, the "Asserted Patents").

2. Cerence is a wholly-owned subsidiary of Cerence Inc., a spin-off of Nuance Communications, Inc. Cerence Inc. is the world's leading provider of automotive assistant technology, primarily focusing on user interaction (UX) technology such as voice and text input and output, and creating intelligent, flexible and intuitive in-car experiences for the world's leading automakers. Cerence has been innovating in this space for over 20 years and currently holds more than 700 patents, including over 100 mobile text entry patents relating to numerous aspects of swipe or gesture texting, predictive text, text correction, and handwritten characters technology. Cerence's mobile text entry patents include assets acquired from Nuance Communications, IBM, Motorola, Tegic Communications, Swype, and AOL. Cerence's patents have been cited over 8,000 times, including by Samsung, Google, Microsoft, and Apple, and have been used by patent examiners to block over 250 patents. Indeed, during Samsung's own patent prosecution activities alone, over 100 citations have been made to Cerence patent applications and issued patents, including at least 78 times where Cerence patent applications and issued patents were used to block Samsung's patent applications.

3. In June 2021, Cerence contacted Samsung regarding the potential acquisition of or license to, *inter alia*, its mobile text entry patents. In its letter to Samsung, Cerence provided Samsung with an executive summary of, *inter alia*, its mobile text entry patents. Cerence also provided Samsung with spreadsheets identifying at least some of the citations made to Cerence patent applications and issued patents during Samsung's patent prosecution, as well as instances where Cerence patent applications and issued patents were used to block Samsung's patent applications. Cerence also provided Samsung with access to an online data room with information regarding Cerence's mobile text entry patents, including Cerence's complete asset list and family tree, and identified numerous other Cerence patents and technologies through additional

correspondence, including, but not limited to, the '334 patent. Samsung, however, has yet to stop its use of Cerence's technology or to seek a license to do so, and continues its unauthorized, infringing use of the inventions disclosed in Cerence's patents.

## PARTIES

4. Cerence is a corporation organized and existing under the laws of the state of Delaware, with a place of business at 25 Mall Road, Suite 416, Burlington, Massachusetts. Cerence is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

5. On information and belief, SEC is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

6. On information and belief, SEA is corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly-owned subsidiary of SEC and distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within the State of Texas, including in this District, giving rise to this action and have established minimum contacts with this forum such that the exercise of

jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents, and inducing others to do the same.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). SEC is a foreign corporation, and venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). SEA has committed and continues to commit acts of infringement in this District, and has regular and established places of business in this District, including as set forth above.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,682,671

10. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,682,671, entitled "Method And Apparatus For Generating Synthetic Speech With Contrastive Stress." The '671 patent was duly and legally issued by the United States Patent and Trademark Office on March 25, 2014. Cerence also has complied with the requirements of 35 U.S.C. § 287 with respect to the '671 patent. A true and correct copy of the '671 patent is attached as Exhibit 1.

12. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products that utilize a speech-enabled application, such as the Bixby virtual assistant, which converts input speech to text using automatic speech recognition and produces text-to-speech output with contrastive stress in response to user queries, including without limitation the Samsung Galaxy Note 10+ (collectively, "Accused Products"), that directly infringe,

literally and/or under the doctrine of equivalents, one or more claims of the '671 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

13. The Accused Products satisfy all claim limitations of one or more claims of the '671 patent, including claim 1.

14. Samsung also knowingly and intentionally induces infringement of one or more claims of the '671 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '671 patent and the infringing nature of the Accused Products. Despite this knowledge of the '671 patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '671 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '671 patent pursuant to 35 U.S.C. § 271.

16. As a result of Samsung's infringement of the '671 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

17. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '671 patent,

and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

18. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '671 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '671 patent. Cerence is therefore entitled to enhanced damages.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,825,486

19. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,825,486, entitled "Method And Apparatus For Generating Synthetic Speech With Contrastive Stress." The '486 patent was duly and legally issued by the United States Patent and Trademark Office on September 2, 2014. Cerence also has complied with the requirements of 35 U.S.C. § 287 with respect to the '486 patent. A true and correct copy of the '486 patent is attached as Exhibit 2.

21. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products that utilize a speech-enabled application, such as the Bixby virtual assistant, which converts input speech to text using automatic speech recognition and produces text-to-speech output with contrastive stress in response to user queries, including without limitation the Samsung Galaxy Note 10+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '486 patent.

Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

22. The Accused Products satisfy all claim limitations of one or more claims of the '486 patent, including claim 1.

23. Samsung also knowingly and intentionally induces infringement of one or more claims of the '486 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '486 patent and the infringing nature of the Accused Products. Despite this knowledge of the '486 patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '486 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

24. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '486 patent pursuant to 35 U.S.C. § 271.

25. As a result of Samsung's infringement of the '486 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

26. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '486 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

27.     Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '486 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '486 patent. Cerence is therefore entitled to enhanced damages.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,914,291

28.     Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29.     Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,914,291, entitled "Method And Apparatus For Generating Synthetic Speech With Contrastive Stress." The '291 patent was duly and legally issued by the United States Patent and Trademark Office on December 16, 2014. Cerence also has complied with the requirements of 35 U.S.C. § 287 with respect to the '291 patent. A true and correct copy of the '291 patent is attached as Exhibit 3.

30.     On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products that utilize a speech-enabled application, such as the Bixby virtual assistant, which converts input speech to text using automatic speech recognition and produces text-to-speech output with contrastive stress in response to user queries, including without limitation the Samsung Galaxy Note 10+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '291 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

31. The Accused Products satisfy all claim limitations of one or more claims of the '291 patent, including claim 1.

32. Samsung also knowingly and intentionally induces infringement of one or more claims of the '291 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '291 patent and the infringing nature of the Accused Products. Despite this knowledge of the '291 patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '291 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

33. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '291 patent pursuant to 35 U.S.C. § 271.

34. As a result of Samsung's infringement of the '291 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

35. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '291 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

36. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '291 patent through making, using,

selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '291 patent. Cerence is therefore entitled to enhanced damages.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,680,334

37. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

38. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,680,334, entitled "Presenting Recognised Handwritten Symbols." The '334 patent was duly and legally issued by the United States Patent and Trademark Office on March 16, 2010. Cerence also has complied with the requirements of 35 U.S.C. § 287 with respect to the '334 patent. A true and correct copy of the '334 patent is attached as Exhibit 4.

39. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products that perform methods of detecting and recognizing handwritten symbols, and presenting the best interpretation of those handwritten symbols, including without limitation the Samsung Galaxy Note 10+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '334 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

40. The Accused Products satisfy all claim limitations of one or more claims of the '334 patent, including claim 1.

41. Samsung also knowingly and intentionally induces infringement of one or more claims of the '334 patent in violation of 35 U.S.C. § 271(b). Through at least the parties'

discussions beginning in 2021 and the filing and service of this Complaint, Samsung has had knowledge of the '334 patent and the infringing nature of the Accused Products. Despite this knowledge of the '334 patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '334 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

42. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '334 patent pursuant to 35 U.S.C. § 271.

43. As a result of Samsung's infringement of the '334 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

44. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '334 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

45. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '334 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '334 patent. Cerence is therefore entitled to enhanced damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Cerence respectfully requests that this Court enter:

a. A judgment in favor of Cerence that Samsung has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents;

b. A judgment and order enjoining Samsung and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, from infringing the Asserted Patents;

c. A judgment and order requiring Samsung to pay Cerence its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the Asserted Patents;

d. A judgment and order requiring Samsung to pay Cerence compulsory ongoing licensing fees, as determined by the Court;

e. A judgment and order finding that Samsung has willfully infringed the Asserted Patents and requiring Samsung to pay enhanced damages pursuant to 35 U.S.C. § 284;

f. A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to Cerence, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

g. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Cerence its reasonable attorneys' fees against Samsung; and

h. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Cerence, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 15, 2024                    Respectfully submitted,

/s/ *Marc A. Fenster*

RUSS AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
Email: bwang@raklaw.com
Andrew D. Weiss, SBN 232974
Email: aweiss@raklaw.com
Qi (Peter) Tong, SBN 300347
Email: ptong@raklaw.com
Shani Williams, SBN 274509
Email: swilliams@raklaw.com
Jonathan Link, SBN 463141
Email: jlink@raklaw.com
James S. Tsuei, SBN 285530
Email: jtsuei@raklaw.com
Minna Y. Chan, SBN 305941
Email: mchan@raklaw.com
Daniel Kolko, SBN 341680
Email: dkolko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Cerence Operating Company*