**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

CERENCE OPERATING CO.

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Case No. 2:24-cv-00181-JRG-RSP

JURY TRIAL DEMANDED

**COUNTERCLAIM PLAINTIFFS'**
**REPLY CLAIM CONSTRUCTION BRIEF**

# TABLE OF CONTENTS

Page

I. ARGUMENT For TERMS OF U.S. PATENT NOS. 10,395,657, 10,720,162, AND 11,823,682 .......... 1

**A.** "standby time [of/in] a voice input mode" ('657 Patent, Claims 1, 9; '162 Patent, Claims 1, 9) / "standby time" ('162 Patent, Claims 1, 9) .......... 1

**B.** "reset standby time" ('657 Patent, Claims 1, 9) / "resetting the standby time" ('162 Patent, Claim 9) / "reset period of time" ('682 Patent, Claims 1-2, 8, 11-12, 17-18, 22) .......... 3

**C.** "first user voice" ('162 Patent, Claims 1, 3, 7-9, 11, 15-16; '682 Patent, Claims 1, 9-11, 19-21) / "second user voice" ('162 Patent, Claims 1, 9; '682 Patent, Claims 1, 9) .......... 4

**D.** "speech finish state" ('682 Patent, Claims 1, 3, 11, 13, 21) .......... 6

II. ARGUMENT FOR TERM OF U.S. PATENT NO. 9,583,103 .......... 8

**A.** "first text word" (Claim 18) .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. v. Novopharm Ltd.*,
323 F.3d 1324 (Fed. Cir. 2003)....................7

*Apple, Inc. v. Ameranth, Inc.*,
842 F.3d 1229 (Fed. Cir. 2016)....................4, 8

*BASF Corp. v. Johnson Matthey Inc.*,
875 F.3d 1360 (Fed. Cir. 2017)....................1, 2, 4

*Baxalta Inc. v. Genentech, Inc.*,
972 F.3d 1341 (Fed. Cir. 2020)....................7, 8

*Core Wireless Licensing S.A.R.L. v LG Elecs, Inc.*,
880 F.3d 1356 (Fed. Cir. 2018)....................6, 8

*Edwards Lifesciences LLC v. Cook Inc.*,
582 F.3d 1322 (Fed. Cir. 2009)....................7

*Epos Techs. Ltd. v. Pegasus Techs. Ltd.*,
766 F.3d 1338 (Fed. Cir. 2014)....................1, 3

*Evicam Int'l, Inc. v. Enforcement Video, LLC*,
No. 4:16-CV-105, 2016 WL 6470967 (Nov. 2, 2016 E.D. Tex.)....................2

*Fractus, S.A. v. TCL Corp.*,
No. 2:20-CV-00097-JRG, 2021 WL 2983195 (July 14, 2021 E.D. Tex.).................... *passim*

*Guzik Technical Entreprises, Inc. v. Western Digital Corp.*,
No. 11-CV-03786-PSG, 2013 WL 3934892 (Jul. 19, 2013 N.C. Cal.)....................2

*Interval Licensing LLC v. AOL, Inc.*,
766 F.3d 1364 (Fed. Cir. 2014)....................2

*Mondis Tech., Ltd. v. Hon Hai Precision Indus. Co. Ltds.*,
No. 2:07-CV-565-TJW-CE, 2011 WL 245507 (E.D. Tex. Jan. 24, 2011)....................7

*Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*,
30 F.4th 1339 (Fed. Cir. 2022)....................1

*Orthosie Sys., LLC v. Actsoft, Inc.*,
No. 4:16-CV-873-ALM, 2017 WL 4407954 (E.D. Tex. Oct. 4, 2017)....................3

*Pickholtz v. Rainbow Techs., Inc.*,
284 F.3d 1365 (Fed. Cir. 2002)....................6

*Wasica Fin. GMBH v. Cont'l Auto. Sys.*,
853 F.3d 1272 (Fed. Cir. 2017)....................5

# I. ARGUMENT FOR TERMS OF U.S. PATENT NOS. 10,395,657, 10,720,162, AND 11,823,682

## A. "standby time [of/in] a voice input mode" ('657 Patent, Claims 1, 9; '162 Patent, Claims 1, 9) / "standby time" ('162 Patent, Claims 1, 9)

| Claim Term | Samsung's Proposal | Cerence's Proposal |
|---|---|---|
| "standby time" | plain meaning | Indefinite |
| "standby time [of/in] a voice input mode" | plain meaning | Indefinite |

Cerence argues that because "standby time" is a time period without a specific duration (e.g., 30 seconds), the term lacks objective boundaries and thus is indefinite. Cerence's argument has no merit. The claim language need not specify a length of time in seconds or minutes to be definite. The Federal Circuit has already rejected a similar argument. *See Epos Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338, 1344 (Fed. Cir. 2014) (finding "given time interval" definite and rejecting construction that imports "few seconds or less" into the term). Cerence confuses claim breadth with indefiniteness. "[A] claim is not indefinite just because it is broad." *Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*, 30 F.4th 1339, 1347 (Fed. Cir. 2022); *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1367 (Fed. Cir. 2017) (after *Nautilus*, "breadth is not indefiniteness") (citations omitted).

Nor is "standby time" or "period of time" a term of degree, as Cerence asserts. *See Niazi*, 30 F.4th at 1347-48 (reviewing precedent addressing terms of degree, such as "visually negligible" and "interfering substantially"); *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2983195, at *12 (E.D. Tex. July 14, 2021) (giving examples of terms of degree, including "'approach each other,' 'close to,' 'substantially equal,' and 'closely approximate.'"). Indeed, Cerence's cited cases show that "time period" itself is not a term of degree; rather, the term of degree is the modifying descriptor, namely "extended" or "relatively short," recited

before "time period." *Evicam Int'l, Inc. v. Enforcement Video, LLC*, No. 4:16-CV-105, 2016 WL 6470967, at *19-20 (E.D. Tex. Nov. 2, 2016) (identifying "extended" as the term of degree, not "time period"); *Guzik Technical Entreprises, Inc. v. Western Digital Corp.*, No. 11-CV-03786-PSG, 2013 WL 3934892, at *23 (N.D. Cal. Jul. 19, 2013) ("relatively short" period of time).

Further, Cerence did not meet its burden to show "standby time" indefinite—a burden that it must meet by clear and convincing evidence. *BASF*, 875 F.3d at 1365. Cerence cites no intrinsic evidence, offers no expert declaration or other extrinsic support, and resorts to attorney argument on what a POSITA would reasonably ascertain. Dkt. No. 104 at 1-3. It then improperly tries to shift the burden to Samsung to prove "standby time" definite, including by proffering its "unanswered" questions. *Id*. at 2; *Fractus,* 2021 WL 2983195, at *13 ("Defendants' repeated attempts, in the briefing and at oral argument, to fault Plaintiff for not identifying an 'objective standard' for the challenged term are of no consequence. This line of argument both improperly shifts the burden and misstates the legal standard for indefiniteness. Defendants have not furnished clear and convincing evidence that 'substantially,' as used in the patent, lacks a reasonably certain meaning to a skilled artisan.").

Finally, Cerence does not address the intrinsic record Samsung cites in its opening brief showing "standby time" not indefinite. The claim language ties "standby time" to the "voice input mode" and requires that voice input is received "within" the standby time. '657 Patent at 12:50-51.[1] The specification explains that the standby time is set to an "initial value" (e.g., 30 seconds) for counting down to zero during standby. *Id*. at 2:1-2, 6:20-23, 7:1-3. No further disclosure is necessary, nor is a specific number for the length of standby required in the

[1] Given the '657 Patent, '162 Patent, and '682 Patent share a common specification, unless indicated otherwise, citations to the patents' specifications will be to that of the '657 Patent specification.

claims—plain meaning should apply. *See Epos Techs.*, 766 F.3d at 1344; *Orthosie Sys., LLC v. Actsoft, Inc.*, No. 4:16-CV-873-ALM, 2017 WL 4407954, at *7 (E.D. Tex. Oct. 4, 2017) (construing "'received within a time interval' to have its plain meaning").

### B. "reset standby time" ('657 Patent, Claims 1, 9) / "resetting the standby time" ('162 Patent, Claim 9) / "reset period of time" ('682 Patent, Claims 1-2, 8, 11-12, 17-18, 22)

| Claim Term | Samsung's Proposal | Cerence's Proposal |
|---|---|---|
| "reset standby time" | plain meaning | Indefinite |
| "reset period of time" | plain meaning | Indefinite |
| "resetting the standby time" | plain meaning | Indefinite |

As an initial matter, Cerence argues that Samsung's position is inconsistent because it refers to "standby time" as both a "period of time" and an "initial value." Cerence's argument is misguided. The specification discloses that an "initial value" (e.g., 30 seconds) is used to reset the time period (e.g., a 30 second countdown to zero) for standby. '657 Patent at 7:19-20 ("The controller 120 resets the standby time to the initial value again, and awaits subsequent speech."), 6:17-23 ("For example, the standby time may be set to 30 seconds."). The "initial value" is the actual number and the "standby time" or "period of time" is the duration of countdown based on that number. *Id*. There is no inconsistency.

Cerence argues indefiniteness by creating a hypothetical that the claimed "reset" could just be a "'set back' of 5, 10, 15 seconds." Dkt. No. 104 at 4. The claims do not recite a "set back," but a "reset." '657 Patent at Cls. 1, 9. The specification is the same. *Id*. at 6:17-23, 7:1-3, 7:19-20. Cerence also creates a "stopwatch" hypothetical that is reset to 0:00. Dkt. No. 104 at 4. This hypothetical is also divorced from the intrinsic record, which discloses a "reset" to a number for counting down to zero. '657 Patent at 6:17-23, 7:1-3, 7:19-20.

Cerence also argues that the first "period of time" may be different than the "reset period of time" in the '682 Patent, and that possible difference renders the '682 claims indefinite. The claim language, however, requires that both periods of time are the same because both are set to the same "initial value." Specifically, Claim 1 recites to receive a first voice input "within a period of time set to **an** initial value," and after receiving results, to "reset the period of time to **the** initial value" to receive a second voice input "within **the reset** period of time." '682 Patent at Cls. 1, 11, 21 (emphasis added). Because both the first and reset time periods are set to the same initial value, the time periods are also the same. *Id*. Dependent Claim 2 recites both time periods are the same as well, but narrows Claim 1 in another way to differentiate itself—by specifying the claimed "period of time" is a "standby time." *Id*. at Cl. 2; *Apple, Inc. v. Ameranth, Inc*., 842 F.3d 1229, 1238 (Fed. Cir. 2016) ("This court has declined to apply the doctrine of claim differentiation where the claims are not otherwise identical in scope.").

For these terms, Cerence does not cite intrinsic or extrinsic evidence and resorts to attorney argument on what a POSITA would reasonably ascertain. It did not meet its burden to show indefiniteness by clear and convincing evidence. *BASF*, 875 F.3d at 1365; *Fractus*, 2021 WL 2983195, at *13.

**C. "first user voice" ('162 Patent, Claims 1, 3, 7-9, 11, 15-16; '682 Patent, Claims 1, 9-11, 19-21) / "second user voice" ('162 Patent, Claims 1, 9; '682 Patent, Claims 1, 9)**

| Claim Term | Samsung's Proposal | Cerence's Proposal |
| --- | --- | --- |
| "first user voice" | plain meaning | "user voice [input] that is different from the second user voice [input]" |
| "second user voice" | plain meaning | "user voice [input] that is different from the first user voice [input]" |

Cerence argues that "there must be at least two different users" based on the plain meaning alone. But, the claims do not recite "voice of a first user" and "voice of a second user."

’682 Patent at Cls. 1, 9, 21; ’162 Patent at Cls. 1, 9. Instead, the claims are broader, reciting “first user voice” and “second user voice.” *Id*. Such claim language encompasses a first and second voice from the same user. *See Wasica Fin. GMBH v. Cont’l Auto. Sys.*, 853 F.3d 1272, 1282 (Fed. Cir. 2017) (“absent a clear disavowal or alternative lexicography by a patentee, he or she “‘is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning.’”) (citing *Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012)).

To argue disclaimer, Cerence asserts that “Samsung used the requirements of two separate user voices to distinguish the Koganei references” during prosecution. Not so. The applicant distinguished Koganei because it did not use a “standby time” for receiving a second input. Dkt. 104-2 at SAMSUNG_C2_0000047162-63. Equally important, the applicant showed that Koganei relies on a user’s voice for the first input and a **manual entry** for the second input—there was no second voice at all. *Id.* Specifically, the applicant shows Koganei employs a user’s voice to initiate a search, after which any search results are selected manually without voice. *Id.* (selection of results occurs by a “free cursor mode where the cursor can be freely moved using a mouse or the like” and “according to an entry received from the user.”). Any distinction made between the claim language and Koganei was based on Koganei having no second voice, regardless of whether the user is the same or different. *Id*. Here, disclaimer simply cannot operate to require a different user voice in the claims. *Core Wireless Licensing S.A.R.L. v. LG Elecs, Inc.*, 880 F.3d 1356, 1367 (Fed. Cir. 2018) (prosecution disclaimer applies “only when

the patentee clearly and unmistakably disavows a certain meaning in order to obtain the patent.”).[2]

In its responsive brief, Cerence does not dispute that the specification contradicts its proposed construction of “different” users. Instead, it argues that the specification does not use the exact language of the claim terms. But there is no requirement that the specification mirror the claim language verbatim. *See Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1373 (Fed. Cir. 2002) (using differently worded term in specification to inform construction). Cerence fails to explain why Samsung’s citations to the specification do not relate to the claim terms, and does not offer any alternative embodiment in the specification that would support its construction.

**D. “speech finish state” (’682 Patent, Claims 1, 3, 11, 13, 21)**

| Claim Term | Samsung’s Proposal | Cerence’s Proposal |
| --- | --- | --- |
| “speech finish state” | plain meaning | “a state that is not expected to use voice control any longer” |

In its opening brief, Samsung identified an embodiment that contradicts Cerence’s construction (’682 Patent at 6:15-19), but Cerence maintains this embodiment is consistent with its construction. Specifically, Cerence asserts that when the user “again selects the voice input mode” from the “speech finish state” in the embodiment, this only refers to the claimed “first user voice input” in Claim 1. Dkt. No. 104 at 10. Dependent Claim 3, however, shows otherwise. Claim 3 recites that the “speech finish state includes … a case for reproducing a multimedia content selected by a user.” ’682 Patent at 13:11-15. In this case, the user selects by voice to replay a video. This corresponds to the specification’s embodiment where the user “again selects

[2] Cerence also cites the ’862 patent prosecution history without any accompanying analysis. Dkt. No. 104 at Ex. 8, SAMSUNG_C2_0000047505. In that prosecution history. the applicant relied on several limitations and then emphasized other limitations to address Koganei. *Id.* Accordingly, no disclaimer occurred. *Core Wireless Licensing S.A.R.L. v LG Elecs, Inc.*, 880 F.3d at 1367 (Fed. Cir. 2018).

the voice input mode" from the "speech finish state." *Id*. at 6:15-19. Claim 3 contradicts Cerence's purported lexicography that voice is not expected "any longer," and therefore its construction should not apply. *See Baxalta Inc. v. Genentech, Inc.,* 972 F.3d 1341, 1346 (Fed. Cir. 2020) (the contradicting "plain language of these dependent claims weighs heavily in favor" of rejecting the purported lexicography).

Cerence relies on cases that stand for unremarkable proposition that using "i.e.," particularly with parentheses, signals lexicography. *Abbott Labs. v. Novopharm Ltd*., 323 F.3d 1324, 1327, 1330 (Fed. Cir. 2003) (specification identifies claim term, then defines it within "(i.e. . .)"); *Edwards Lifesciences LLC v. Cook Inc*., 582 F.3d 1322, 1334 (Fed. Cir. 2009) (applicant defined claim term in specification using "i.e." and also disclaimed same scope in prosecution history). By contrast, "refers to" is context dependent. In this case, the specification uses "refers to" without parentheses when discussing one embodiment, while another embodiment contradicts the purported definition. '682 Patent at 4:36-56, 6:15-19. These facts do not support lexicography. *See Mondis Tech., Ltd. v. Hon Hai Precision Indus. Co. Ltds*., No. 2:07-CV-565-TJW-CE, 2011 WL 245507, at *23-24 (E.D. Tex. Jan. 24, 2011) ("refers to" does not elicit definition when embodiment in specification contradicts it).[3]

Nor does disclaimer exist in the prosecution history, as Cerence suggests. When the applicant amended the claims, the applicant only uses the "refers to" statement to show the examiner the specification had support for the amendment. Ex. 9 at SAMSUNG_C2_0000047588. Never does the applicant use it to distinguish prior art. *Id*. at

[3] Cerence wrongly characterizes *Mondis*, arguing that this Court rejected Plaintiff's argument because the "refers to" statement occurred in reexamination a few months before claim construction briefing. This Court instead noted these facts and proceeded to reject Plaintiff's "refers to" lexicography argument because an embodiment in the specification contradicted it. *Mondis*, 2011 WL 245507, at *23-24.

SAMSUNG_C2_0000047580-96. To address the prior art, the applicant points to several claimed features as a group, including "based on the information not including a plurality of results," "release the voice" mode, "without resetting the period of time," and "in a speech finish state." *Id.* at SAMSUNG_C2_0000047592. Pointing to several claimed features in a group list makes it unclear which limitation is relied upon to address the prior art. *Core Wireless*, 880 F.3d at 1367 ("When the alleged disclaimer is ambiguous or amenable to multiple reasonable interpretations, we decline to find prosecution disclaimer.") (citations omitted). In addition, for "speech finish state," the applicant did not even rely on the "any longer" language Cerence proposes. Ex. 9 at SAMSUNG_C2_0000047592. Instead, the applicant relied on the existing claim language. *Id.*

Cerence also does not rebut Samsung's argument that the definition of "speech finish state" is already embedded in the claim language. Cerence's proposed construction would rewrite the claim with redundant and "any longer" language that contradicts Claim 3. *Baxalta,* 972 F.3d at 1346 (rejecting lexicography that contradicts dependent claims); *Ameranth*, 842 F.3d at 1237 (rejecting proposed construction as redundant).

## II. ARGUMENT FOR TERM OF U.S. PATENT NO. 9,583,103

### A. "first text word" (Claim 18)

| Claim Term | Samsung's Proposal | Cerence's (Original) Proposal |
| --- | --- | --- |
| "first text word" | "first text" | indefinite |

In its responsive brief, Cerence now agrees with Samsung's construction of this term. Dkt. No. 104 at 1 n.1. The Court should adopt the parties' agreed proposed construction.

Dated: September 29, 2025

Respectfully submitted:

*/s/ Brent P. Ray*

Patrick C. Reidy
patrick.reidy@arnoldporter.com
Brent P. Ray
brent.ray@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2424
Facsimile: (312) 583-2360

Jin-Suk Park
jin.park@arnoldporter.com
Ali R. Sharifahmadian
Ali.Sharifahmadian@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

***Attorney for Defendants***
***Samsung Electronics Company, Ltd., and***
***Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 29, 2025.

*/s/ Melissa R. Smith*
Melissa R. Smith